**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MARCUS ORLANDO TATE, ) | |
| Plaintiff ) | |
| v. ) | CIVIL ACTION NO. 07-0298-CB-M |
| MARC BASS, et al., ) | |
| Defendant, ) | |

**ORDER**

This matter is before the Court on plaintiff's objection to the Report and Recommendation of the Magistrate Judge recommending that this action be dismissed for failure to pay a partial filing fee. In response to the Report and Recommendation, plaintiff asserts that he had paid a partial filing fee. No partial payment was credited in this case.[1] In any event, the Court finds that a partial filing fee would be insufficient because this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under the is section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

---

[1] Plaintiff had two nearly identical, if not identical, actions pending in which a partial filing fee was due. It appears that plaintiff attempted to re-file the complaint against the same defendants when the instant action was transferred from the Middle District of Alabama. That complaint was opened as a new civil action, *Marcus Orlando Tate v. Marc Bass, et al.*, Civil Action 07-0305-KD-C, but was since dismissed for violation of the "three-strike" rule. A partial filing fee was received in 07-0305 *after* the Magistrate Judge rescinded the partial payment order and recommended dismissal on other grounds.

danger of serious physical injury.

After the Report and Recommendation was filed, the Court discovered that plaintiff previously had at least three actions that were dismissed on grounds enumerated in § 1915(g).  A review of the records of the United States District Court for the Southern, Middle and Northern Districts of Alabama reflects that the following actions brought by plaintiff were dismissed on these grounds, to wit: *Marcus Orlando Taite v. Haley, et al.,* CA 02-0034-MHT-CSC (M.D.Ala. Aps. 18, 2002); *marcus O. Tate, et al. V. Kehey, et al.*, CA 02-0734-BH-S (S.D. Ala. Feb. 11, 2003); *Marcus Tate v. Lawson*, CA 06-01779-RBP (N.D. Ala Nov. 17, 2006).  Plaintiff's complaint does not fall within the savings provision of § 1915(g) because there is no indication that he was in imminent danger of serious physical injury at the time the action was commenced.  Therefore, since plaintiff has failed to pay the filing fee and does not fall within the imminent danger exception, this action is due to be and hereby is **DISMISSED without prejudice.**

**DONE** and **ORDERED** this the 13th  day of August, 2007.

> s/Charles R. Butler, Jr.
> **Senior United States District Judge**